IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BRIAN DAVID MAGGIO,**<br>**#M22708,**<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>**WARDEN DAVID MITCHELL,**<br>**WARDEN DENNISON, and**<br>**DIETARY ADMINISTRATOR HARRIS,**<br><br>　　　　　　Defendants. | Case No. 23-cv-01505-SPM |

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

　　Plaintiff Brian Maggio, an inmate of the Illinois Department of Corrections who is currently incarcerated at Graham Correctional Center, brings this civil action pursuant to 42 U.S.C. §1983 for alleged deprivations of his constitutional rights that occurred while he was at Pinckneyville Correctional Center ("Pinckneyville"). The Second Amended Complaint is before the Court for preliminary review pursuant to 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints to filter out non-meritorious claims and dismiss any portion of a complaint that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from a defendant who by law is immune. 28 U.S.C. § 1915A.

### THE SECOND AMENDED COMPLAINT

　　Plaintiff alleges that during the COVID-19 pandemic the food trays at Pinckneyville were not properly cleaned and sanitized. (Doc. 28, p. 8). To clean the trays, the trays were hand dipped in dirty water and then ran through a washing machine that was broken. Inmates without COVID-19 were then fed from the same unclean, unsanitary trays as inmates infected with the virus. As a result of the poor sanitation, Plaintiff contracted COVID-19 in December 2020 and was

hospitalized. He continues to suffer from symptoms of long COVID, including breathing issues, fatigue, scarred lungs, and memory loss. Plaintiff argues that because the facility was on lockdown and inmates did not have contact with other inmates, the only way that COVID-19 could have spread within the facility was through the use of unclean food trays. (*Id.*).

Plaintiff states that the tray washing machine was broken throughout the pandemic and was not fixed until October 2023. (Doc. 28, p. 8). He contends that inmates should have been fed from disposable foam trays. Inmates filed grievances complaining that the washing machine was not working properly, and the family members of inmates placed calls to the Illinois Department of Corrections and Pinckneyville lodging complaints about the washing machine. (*Id.*). Plaintiff seeks monetary damages for being subjected to cruel and unusual punishment, which has resulted in ongoing health problems from contracting COVID-19.

Based on the allegations in the Second Amended Complaint, the Court designates the following count:

> **Count 1:** Eighth Amendment unconstitutional conditions of confinement claim against Defendants for failing to properly sanitize food trays during the COVID-19 pandemic.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Second Amended Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly*[1] pleading standard.**

### DISCUSSION

Prison officials may violate the Eighth Amendment when they subject an inmate to prison conditions that deny the inmate "the minimal civilized measure of life's necessities," creating an

---

[1] *See Bell Atlantic, Corp., v. Twombly*, 550 U.S. 544, 570 (2007). This includes dismissal of Plaintiff's claims regarding the withholding of his grievances by IDOC, and his ongoing health issues from COVID-19, which he states can be "considered as cruel and unusual punishment." (Doc. 28, p. 9). Allegations regarding the mishandling of his grievances and lack of adequate care for lingering COVID symptoms are not asserted against a named defendant.

excessive risk to the inmate's health or safety. *Farmer v. Brennan,* 511 U.S. 825, 834 (1994). The objective conditions must have resulted in an unquestioned and serious deprivation of basic human needs such as food, medical care, sanitation, or physical safety. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). There is also a second, subjective element to an Eighth Amendment claim – establishing a defendant's culpable state of mind, which is deliberate indifference to a substantial risk of serious harm to the inmate from those conditions. *Farmer*, 511 U.S. at 837, 842. The deliberate indifference standard is satisfied if the plaintiff shows that the prison official acted or failed to act despite the official's knowledge of a substantial risk of serious harm from the conditions. *Farmer,* 511 U.S. at 842. It is well settled that mere negligence is not enough. *See, e.g., Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986). And finally, an Eighth Amendment claim requires that the plaintiff establish not only that a "state actor violated his constitutional rights, but also that the violation caused the plaintiff injury or damages." *Lord v. Beahm,* 952 F. 3d 902, 905 (7th Cir. 2020) (internal citations and quotations omitted).

Although "risk of exposure to Covid-19 in prison satisfies the objective standard of an Eighth Amendment claim," Plaintiff has still failed to state a plausible claim for relief. *See e.g. Earl v. McDermott,* No. 23-cv-1017-pp, 2024 WL 1012920, at *3 (E.D. Wisc. Mar. 8, 2024). First, Plaintiff has not sufficiently pled that Defendants had knowledge that he faced a substantial risk of serious harm. Throughout the Second Amended Complaint, Plaintiff repeatedly makes conclusory statements regarding Defendants' conduct, such as they "failed to meet basic sanitary conditions;" they "knew of the unsanitary issues…and did not act to correct the issues;" "the concern and action of the three defendants was so lacking;" and "these three defendants acted total unconcern for the Plaintiff Maggio's welfare." (Doc. 28, p. 8). He states that inmates filed grievances and family members called with complaints about the washing machine being broken, but he does assert any facts regarding Defendants' individual conduct or their knowledge of and involvement in the procedures used to wash the food trays. Under the Federal Rule of Civil

Procedure 8, Plaintiff does not have to provide "detailed factual allegations," but he must plead "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citations omitted).

Plaintiff writes that the Defendants are "actors for the state (IDOC)," but they cannot be held liable because simply because they each held a supervisory position. As upper-level prison officials, to be held liable they must know about the unconstitutional conduct and "facilitate it, approve it, condone it, or turn a blind eye." *Vance v. Peters,* 97 F. 3d 987, 992 (7th Cir. 1996). Plaintiff has not provided facts from which the Court can reasonably infer that Defendants had sufficient knowledge that food trays were not being properly cleaned between uses and then acted with total unconcern for Plaintiff's welfare. *See Perez v. Fenoglio*, 792 F. 3d 768, 782 (7th Cir. 2015) (noting that officials who had actual knowledge of an inmate's serious problem from highly detailed grievances and correspondence may be liable for turning a blind eye to the situation). Because the Second Amended Complaint does not allege sufficient awareness or personal involvement on the part of Defendants, Plaintiff has failed to state a deliberate indifference claim.

Second, based on the facts as pled, the Court cannot reasonably infer that Defendants' conduct resulted in injury. Plaintiff concludes that he must have contracted COVID-19 from an unclean food tray because the facility was on lockdown, and he did not have contact with other inmates. This assumption, however, remains purely speculative. As discussed, COVID-19 is a highly contagious virus that most commonly spreads through "direct contact, airborne, transmission, or through droplets…The chance of COVID-19 surface transmission is less than 1 in 10,000."[2] Alexandra Benisek, *Surface Cleaning and COVID-19: What you Should Know*, WebMD (Dec. 26, 2022), https://www.webmd.com/covid/how-long-covid-19-lives-on-surfaces (last visited Oct. 10, 2024). The Court cannot plausibly conclude that Plaintiff became ill with

---

[2] *See also Fight coronavirus (COVID-19) transmission at home,* Mayo Clinic (Apr. 24, 2024) https://www.mayoclinic.org/diseases-conditions/coronavirus/in-depth/coronavirus-transmission/art-20482397 (last visited October 10, 2024) ("the risk of COVID-19 through contact with infected surfaces seems low").

COVID-19 because he came into contact with a food tray that had been previously used by an infected inmate and then not properly sanitized because the washing machine was broken. Because Plaintiff has failed to sufficiently plead that he suffered harm from Defendants' actions, he fails to state a claim.

For these reasons Count 1, and the entire Second Amended Complaint are dismissed. When a complaint fails to state a claim upon which relief may be granted, the plaintiff is ordinarily given an opportunity to amend the complaint in order to correct the deficiencies. *See* FED. R. CIV. P. 15(a). However, leave to amend need not be granted if it is clear that any amendment would be futile. *See Always Towing & Recovery, Inc. v. City of Milwaukee,* 2 F.4th 695, 707 (7th Cir. 2021); *Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013); *Garcia v. City of Chicago*, 24 F.3d 966, 970 (7th Cir. 1994). This is Plaintiff's third attempt to state a claim, and he again is unsuccessful. Accordingly, the Court finds that any further amendment of Plaintiff's claims in this action would be futile. The dismissal of this case will be with prejudice and without leave to amend.

## PENDING MOTIONS

Plaintiff has filed motions seeking confirmation that Exhibit 3 to the Second Amended Complaint has been filed with the Court and is on the docket. (Doc. 31, 32). The motions are **GRANTED.** On June 10, 2024, the Court received Exhibit 3, which includes Plaintiff's damages request. (*See* Doc. 29). The Court has also received "page 2" of Exhibit 3 filed with the Court on July 10, 2024. (Doc. 31).

## DISPOSITION

This case is **DISMISSED with prejudice** for failure to state a constitutional claim upon which relief may be granted. The Court counts the dismissal of this action as one of Plaintiff's three "strikes" within the meaning of 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A proper and timely motion

filed pursuant to Federal Rule of Civil Procedure 59(e) may toll (suspend) the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. If the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike."

A motion for leave to appeal *in forma pauperis* ("IFP") must set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger,* 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F. 3d 464, 467 (7th Cir. 1998).

The Clerk of Court is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: October 10, 2024**

 *s/Stephen P. McGlynn*  
**STEPHEN P. MCGLYNN**  
**United States District Judge**